

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-20-00258-CV
_____

IN THE INTEREST OF B.C.A., A CHILD

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 14,714, Honorable Curt Brancheau, Presiding

January 6, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Father, appeals the trial court's order terminating his parental rights to his son, B.C.A.[1]  Appointed counsel for Father has filed an *Anders*[2] brief in support of a motion to withdraw.  Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," to the child's mother as "Mother," and to the child by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).  Mother's parental rights were also terminated in this proceeding.  Mother does not appeal.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Background

In March of 2019, the Texas Department of Family and Protective Services became involved with Mother and her newborn baby, B.C.A., due to concerns of Mother's drug use. Both Mother and B.C.A. tested positive for methamphetamine when B.C.A. was born. The Department filed its petition for protection, conservatorship, and termination of parental rights of Mother and the purported father. Following an adversary hearing, the Department was appointed temporary managing conservator of B.C.A. and he was placed in a foster home.

In January of 2020, Father requested genetic testing after he learned that his brother had been excluded as B.C.A.'s father. Once testing confirmed that he was the father of B.C.A., the Department amended its petition and offered services to Father. Since B.C.A. had been in the care of the Department for almost a year at the time that Father became involved in the case, the Department prepared an abbreviated service plan for Father. Father participated in counseling, completed a substance abuse evaluation, and submitted to random drug screens.

At trial, the Department produced evidence that Father tested positive for methamphetamine in March and June of 2020. Father's counselor testified that Father initially claimed to be surprised when his drug screen was positive for methamphetamine. Father attributed the positive drug screen to his taking Sudafed. After the second hair follicle test in June was positive for methamphetamine at higher levels, Father admitted to his counselor that he was using methamphetamine throughout the time that he was in counseling. According to the counselor, Father was dishonest during his substance

abuse evaluation regarding his past and current drug use. The counselor further testified that Father had no interest in seeking services to address his addiction.

B.C.A. was two days old when he was removed from Mother's care at the hospital and placed in a foster home. B.C.A. has remained in this same foster home where he has flourished, and he is very bonded with the foster mother. The foster mother is willing to adopt B.C.A. if parental rights are terminated.

The trial court terminated Father's parental rights to B.C.A. on the grounds of endangerment and failure to comply with a court order that established actions necessary to retain custody of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (O) (West Supp. 2020).[3] The trial court also found that termination was in the best interest of B.C.A. *See* § 161.001(b)(2).

Law and Analysis

Pursuant to *Anders,* Father's court-appointed appellate counsel has filed a brief certifying that he has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that he has diligently researched the law applicable to the facts and issues and discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). By his *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (E) and (O) in the trial court's order. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Father, and notifying him of his right to file a pro se response if he desired to do so. *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Father has not filed a response to his counsel's *Anders* brief.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the

4

truth of the allegations sought to be established." § 101.007 (West 2019). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

Pursuant to the Texas Supreme Court opinion in *In re N.G.*, we review the trial court's findings under section 161.001(b)(1)(E), because of the potential future consequences to Father's parental rights concerning a different child. *In re N.G.*, 577 S.W.3d 230, 235-37 (Tex. 2019) (per curiam);[4] *In re M.M.*, 584 S.W.3d 885, 889 (Tex. App.—Amarillo 2019, pet. denied) (mem. op.).

Section 161.001(b)(1)(E) permits termination when clear and convincing evidence

---

[4] Subsection (b)(1)(M) permits parental rights to be terminated if the parent has "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *In re N.G.*, 577 S.W.3d at 234 (quoting section 161.001(b)(1)(M) of the Family Code). Because findings based on subsections (b)(1)(D) or (E) may become "a basis to terminate [a] parent's rights to other children," the Supreme Court reasoned that when a parent presents an appellate issue related to subsections (b)(1)(D) or (E) and the appellate court does not address the issue on appeal, the appellate court "eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children." *Id.* at 235. According to the Supreme Court, "the parent's fundamental liberty interest at stake outweighs the state's interest in deciding only what is necessary for final disposition of the appeal." *Id.* at 237. "Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court thus violates the parent's due process and due course of law rights." *Id.*

shows that the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the child's physical or emotional well-being. *See* § 161.001(b)(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical or emotional well-being was the direct result of the parent's conduct, including acts, omissions, and failures to act. *In re J.T.G.,*121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Termination under subsection (E) must be based on more than a single act or omission. A voluntary, deliberate, and conscious course of conduct by a parent is required. *Id.* To support a finding of endangerment, the parent's conduct does not necessarily have to be directed at the child, nor is the child required to actually suffer injury. *Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987). A factfinder is also not limited to consideration of the parent's actions before the child has been removed by the Department; any actions or inactions occurring before and after a child was born may be considered, including evidence of a parent's drug use or propensity for violence. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

In this case, Father's use of methamphetamine and his unwillingness to seek help for his drug use demonstrates an inability to provide for B.C.A.'s emotional and physical needs and to provide a stable environment for the child. *In re K.C.F.,* No. 01-13-01078-CV, 2014 Tex. App. LEXIS 6131, at *27 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See*

6

*Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   Our independent review supports termination under subsection (E).   *See In re N.G.,* 577 S.W.3d at 234-35.   Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that grounds for termination existed and that termination of Father's parental rights was in the best interest of B.C.A.   *See* § 161.001(b)(1), (2)*; In re M.M.,* 584 S.W.3d at 890.   After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Conclusion

We affirm the trial court's order terminating Father's parental rights to B.C.A.[5]

Judy C. Parker
Justice

---

[5] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.   Counsel has filed a motion to withdraw, on which we will take no action.   *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).